OPHEIM, Appellant, v. IVERSON, et al., Respondents

(16 N. W.2d 440.)

(File No. 8710. Opinion filed November 20, 1944.)

Rehearing Denied Jan. 12, 1945.

. **Hans Hanson,** of Sioux Falls, for Appellant.
**Louis H. Smith,** of Sioux Falls, for Respondents.

RUDOLPH, J. The plaintiff is a physician and brings this action to recover the reasonable value of certain professional services rendered the defendant Minnie Iverson. The defendants admit that plaintiff performed the services and also admit the reasonable value of such services is the amount claimed by plaintiff. The defendants contend that they consulted the plaintiff at the instance and request of F. W. Woolworth Company and that it was understood between all of the parties that that company and not the defendants would pay the plaintiff for such service as was rendered Minnie Iverson. The trial court found for the defendants. The plaintiff has appealed.

Viewed in their aspects most favorable to the defendants, the facts are substantially as follows:

In October, 1939, the defendant Minnie Iverson sustained a fall in the F. W. Woolworth Company retail store in Sioux Falls. Immediately following this fall Mrs. Iverson was contacted by the manager of the Sioux Falls store who directed her to see the plaintiff and have him perform such professional services as were necessary due to the fall or accident. Mrs. Iverson stated to the manager that she did not believe that the services of a physician were necessary but the manager insisted that she contact Dr. Opheim and advised her that she would be put to no expense but that such professional treatment would be "all gratis." Mrs. Iverson thereafter contacted her husband, the other defendant in this case, and they proceeded to the office of the plaintiff. The defendants were not acquainted with the plaintiff, professionally or otherwise, and consulted him only because they had been so directed by the manager of the Woolworth Company. Prior to the appearance of the defendants at plaintiff's office, plaintiff had been advised by the Woolworth Company of the accident and that the defendant was on her way to his office to be treated. Upon examination by the plaintiff it developed that the injury sustained by Mrs. Iverson was the fracture of a bone in the knee and that the injury required some rather careful and prolonged treatment. When this fact

was determined, the plaintiff stated to Minnie Iverson that it was fortunate that she fell in the store and not outside because had she fallen outside the store the cost to her of having the injury treated would have been $100. Defendants further testified that at no time during the course of the several months which Mrs. Iverson was being treated by the plaintiff did he mention payment of his bill by the Iversons except on the last visit to his office when he suggested that the Iversons give him $50 because the Insurance Company would pay him no more than $15.

On this appeal appellant contends that upon treatment of the patient by a physician in the absence of an express contract between the physician and patient to pay for such treatment there arises an implied contract that the patient will pay the physician the reasonable value of the services performed, though such services are rendered at the request of a third party. With this general statement of the law there can be no serious dispute. The question presented by this record as we view it, is as follows: If there is an agreement between the patient and a third person that the third person will pay for services rendered the patient, by the physician, and that the patient will not be obligated to the physician, and the physician has knowledge of this agreement and treats the patient at the request of the third person without any express agreement with the patient relating to his fee, does there arise an implied contract obligating the patient to pay to the physician the reasonable value of the treatment?

■ ■ SDC 10.0601 defines an implied contract as one, "the existence and terms of which are manifested by conduct." We think it clear that under this definition, absent any other facts, there arises an implied contract that the patient will pay the physician the reasonable value of services performed, though such services are performed at the request of a third party. But in this case we are confronted with conduct, which in our opinion, refutes the existence of an agreement by defendant to pay for the services performed. Clearly the testimony of Mrs. Iverson establishes an agreement on behalf of Woolworth Company to assume full responsibility for payment of the doctor. Plaintiff's statement

to Mrs. Iverson that it was fortunate she fell in the store and not outside because had she fallen outside the cost to her of having the injury treated would have been $100, supports a belief that the doctor knew of the existence of the agreement on behalf of Woolworths to assume full responsibility for his fee, and such belief finds further support in the fact that plaintiff was advised of the accident by the Woolworth Company before Mrs. Iverson consulted plaintiff and performed the services at the request of the Woolworth Company. When plaintiff proceeded to treat Mrs. Iverson knowing of the agreement between her and Woolworths and at Woolworths' request, such conduct rather than implying an understanding between physician and patient that the patient will pay the reasonable value of the services performed, implies, in our opinion, an agreement by the physician to perform the services according to the conditions and terms under which he is consulted and asked to perform the service. The rule is well stated in the case of Garrey v. Stadler, 67 Wis. 512, 30 N. W. 787, 789, 58 Am. Rep. 877, as follows: "As the law in such case implies a promise to pay what the service is reasonably worth on the part of the person for whom such service is performed, such implied promise must be overcome by evidence showing that the person performing the service knew that there was a different arrangement for the payment of such service, to which he expressly or impliedly assented."

We believe the evidence of record fairly establishes that plaintiff knew of the arrangement between Mrs. Iverson and Woolworths for the payment of his services, and when he performed the services at the request of Woolworths, without advising or suggesting to the Iversons that he would hold them responsible, he thereby impliedly assented to the arrangement of which he was advised.

Counsel for appellant has argued rather extensively the law of novation. As we view the record no question of novation is presented. The question is simply whether the conduct of the parties is such that it implies an agreement by the defendants to pay the plaintiff the reasonable value of his services.

The judgment appealed from is affirmed.

POLLEY, ROBERTS, and SICKEL, JJ., concur.

SMITH, J., concurs in result.